FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ APR 04 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| TODD C. BANK, | Civil Action No.: _____ |
| *Plaintiff*, | **COMPLAINT** |
| -against- | **CV11 - 1719** |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| *Defendant*. | **MATSUMOTO, J.** |

GOLD, M.J.

## INTRODUCTION

1.  This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff seeks statutory damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.  Plaintiff, Todd C. Bank ("Bank"), is, and was at all relevant times herein, a resident of this District.

5.  Defendant, Midland Credit Management, Inc. ("MCM"), is, and was at all relevant times herein, a corporation organized and existing under the laws of Kansas, and maintains its executive offices at 8875 Aero Drive, Suite 200, San Diego, California 92123.

## FACTS

6.  Defendant is, and was at all relevant times herein, a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

7.  On or about October 4, 2010, MCM placed a telephone call to Bank.

8. When Bank answered his telephone, MCM played a prerecorded message requesting Bank to hold on.

9. When a representative of MCM came on the telephone line, Bank asked him to identify himself, which he did by identifying himself as "Bob Hayes" (sp), but refused Bank's request for the spelling of his last name.

10. On or about November 9, 2010, MCM placed a telephone call to Bank.

11. When Bank answered his telephone, MCM played a prerecorded message requesting Bank to hold on.

12. When a representative of MCM came on the telephone line, Bank asked the representative, who had identified herself as "Karen" and asked for a person whose name Bank did not recognize, where she was calling from, "Karen" responded by stating that "well, if [the unknown person] were there I'd be glad to tell you," and hung up.

13. On or about November 17, 2010, MCM placed a telephone call to Bank.

14. Bank told the representative of MCM, who had identified herself as "Melanie," that Bank did not know the name of the person for whom Melanie asked (which was the same name as the name of the with whom "Karen" had asked to speak), and requested that MCM stop calling Bank, in response to which "Melanie" responded affirmatively.

15. In or about October and November 2010, MCM called Bank at least twenty (20) times when Bank did not answer the telephone, and in none of those instances did MCM leave a voice message on Bank's voice-mail device.

16. On or about February 2, 2011, MCM placed a telephone call to Bank.

17. When Bank answered his telephone, a person, who had identified himself as "Sam Collins," asked for a person whose name Bank did not recognize.

18. Bank told "Sam Collins" that he had called the wrong number.

19. Each of MCM's calls to Bank concerned a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Each of the calls in which a representative of MCM spoke to Bank constituted a "communication" as defined by 15 U.S.C. 1692a(2).

21. Each of MCM's calls were made in connection with the collection of a debt.

22. Upon information and belief, the "unknown person" had not given prior consent directly to MCM to communicate with Bank.

23. Upon information and belief, MCM had not obtained, from a court of competent jurisdiction, the express permission to call Bank.

24. Upon information and belief, MCM's calls to Bank were not reasonably necessary to effectuate a post-judgment judicial remedy.

25. In none of the calls from MCM in which Bank spoke to a representative of MCM, did such representative state that he is confirming or correcting location information concerning a consumer.

26. Including but not limited to the instance in which Bank spoke to "Melanie," MCM continued to call Bank after "Karen" had hung up on Bank and thereby prevented Bank from telling "Karen" that MCM had called the wrong telephone number.

27. In each of the calls from MCM in which Bank spoke to a representative of MCM, such representative did not provide meaningful disclosure of MCM's identity.

28. In each of the calls from MCM in which Bank spoke to a representative of MCM, such representative did not state that MCM was attempting to collect a debt and that any information obtained would be used for that purpose.

29. In each of the calls from MCM in which Bank spoke to a representative of MCM,

such representative did not state that MCM is a debt collector.

30. To the least sophisticated consumer, the natural consequence of the receipt of MCM's calls would have been to feel harassed, oppressed, or abused.

## COUNT I

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(b)

31. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

32. Those telephone calls in which a representative of MCM spoke to Bank violated 15 U.S.C. § 1692c(b).

33. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## COUNT II

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d

34. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. Each of MCM's telephone calls to Bank violated 15 U.S.C. § 1692d.

36. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## COUNT III

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d(6)

37. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

38. Those telephone calls in which a representative of MCM spoke to Bank violated 15

U.S.C. § 1692d(6).

39. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## COUNT IV

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(11)

40. Bank repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. Those telephone calls in which a representative of MCM spoke to Bank violated 15 U.S.C. § 1692e(11).

42. As a result of the foregoing, Bank is entitled to damages as provided by 15 U.S.C. § 1692k(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Damages, pursuant to 15 U.S.C. § 1692k(a), in the amount of $1,000.00; and

(b) Costs, disbursements, and reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: March 28, 2011

Yours, etc.,

ALBERT RUDGAYZER
305 Broadway
Suite 501
New York, New York 10007
(212) 260-5650
AR-4335

Counsel to Plaintiff